**In re Petition for DISCIPLINARY ACTION AGAINST Peter Bruce ZATZ, an Attorney at Law of the State of Minnesota.**

No. C9–98–209.

Supreme Court of Minnesota.

Feb. 27, 1998.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for public discipline of respondent Peter Bruce Zatz alleging professional misconduct, namely failure to fully inform himself of the facts of a client matter, to promptly prepare amended dissolution agreement and to pursue child support payments for a client, to promptly return a client file upon termination of representation, to comply with court instructions to file a draft order, and furnishing incomplete and inaccurate responses to the Director's office; and

WHEREAS, the respondent waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), unconditionally admits the allegations of the petition and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and 2 years' supervised probation subject to the following conditions:

a. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date this stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of

each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, last contact with the client, pending deadlines, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 30 days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested, and

WHEREAS, this Court has independently reviewed the record and agrees that the jointly agreed-to disposition is appropriate,

IT IS HEREBY ORDERED that Peter Bruce Zatz is publicly reprimanded and is placed on supervised probation for 2 years on the conditions set out above. The Director is awarded costs in the amount of $900 pursuant to Rule 24, RLPR.

BY THE COURT:

/s/ Kathleen A. Blatz
  Kathleen A. Blatz
  Chief Justice

PAGE, Justice (dissenting).

I respectfully dissent. Given the ongoing pattern of misconduct by this attorney, I do not believe that the discipline agreed to as set forth in the stipulation is sufficient to protect the public. Therefore, I would reject the stipulation.

STRINGER, Justice (dissenting).

I join in the dissent of Justice PAGE.